# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0558, <u>In the Matter of James Connor and Victoria Connor</u>, the court on September 3, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, James Connor (husband), appeals an order of the Circuit Court (<u>Derby</u>, J.), following an evidentiary hearing, granting a post-final-divorce-decree request of the respondent, Victoria Connor (wife), for alimony, and awarding her alimony of $600 per month for a period of fifteen years. <u>See</u> RSA 458:19 (2018) (amended 2018).[1] He argues that the trial court erred by: (1) basing its decision upon his "fault" in the absence of a finding of fault in the divorce; (2) finding that he is voluntarily underemployed in violation of an alleged public policy that favors allowing police officers to take early retirements; (3) ruling that a 2006 prenuptial agreement was unenforceable, and not determining whether the parties had entered into an agreement in the divorce to "honor the terms" of the prenuptial agreement; and (4) awarding alimony for a period that, the husband asserts, was "excessive."

The trial court has broad discretion under RSA 458:19 to determine and order the payment of alimony. <u>In the Matter of Nassar & Nassar</u>, 156 N.H. 769, 772 (2008). We will uphold the trial court's findings and rulings unless they are lacking in evidentiary support or are tainted by error of law. <u>Id</u>. Absent an unsustainable exercise of discretion, we will not overturn the trial court's factual findings, but we review its rulings of law and construe its orders <u>de</u> <u>novo</u>. <u>See</u> <u>In the Matter of Salesky & Salesky</u>, 157 N.H. 698, 702 (2008); <u>Nassar</u>, 156 N.H. at 772.

The record in this case reflects that the parties were married on May 18, 2006, and divorced based upon irreconcilable differences by final decree issued on August 12, 2013. Under the terms of the decree, neither party was awarded alimony. In early 2011, the wife was attacked on two separate occasions by a

---

[1] In 2018, the New Hampshire alimony statutes were repealed, substantially amended, and reenacted. <u>See</u> generally Laws 2018, ch. 310. The trial court applied the prior statute because the underlying divorce was filed in 2012, <u>see</u> Laws 2018, 310:6, I, (providing that the amended statute applies to "cases" filed on or after January 1, 2019), and the parties do not argue on appeal that it erred by applying the prior statute.

dog that the husband kept in his employment as a K-9 police officer. Prior to the attacks, the wife worked full time for Liberty Mutual. Although the wife attempted to work after the attacks, on July 22, 2014, she was declared totally and permanently disabled as a result of the attacks.

The wife filed her petition for alimony on August 8, 2018, just prior to the expiration of the five-year period for seeking alimony under RSA 458:19, I. In awarding alimony, the trial court noted that, although the marriage had lasted only six years, and although the divorce was not based on fault, the wife had "left th[e] marriage far worse off than when she entered it," and her "present disability has its roots squarely in the marriage and squarely connected to [the husband's] source of income as a police officer." On reconsideration, the trial court responded to the husband's argument that these findings showed that it had inappropriately considered his fault in the absence of a finding of fault in the divorce, see Nassar, 156 N.H. at 774, by clarifying its order as follows:

> The court also clarifies that linking [the wife's] disability to events that happened during the marriage—a fact that [the husband] stipulated to when he stipulated that [the wife] was totally and permanently disabled—was not an attempt to convert the divorce from a no-fault divorce to a fault divorce. The court was simply reciting the undisputed, tragic and quite unique facts of this case that justify the equally unique 15-year alimony award following a 6-year marriage.

The trial court analogized the case to cases in which alimony is awarded because circumstances occurring during the marriage have left one spouse in a far worse financial position at its conclusion.

In awarding alimony, the trial court was required to consider the wife's reasonable needs and her ability to be "self-supporting through appropriate employment at a standard of living that meets [her] reasonable needs." RSA 458:19, I(c); see also RSA 458:19, IV(b) (in determining amount of alimony, trial court required to consider, among other factors, the parties' needs, health, economic status, occupation, vocational skills, employability, amount and sources of income, and opportunity for future income). We conclude that, as explained by the trial court on reconsideration, it did not award alimony or determine the amount of alimony based upon the husband's "fault," but rather properly considered the circumstances of the wife's disability in evaluating her needs and ability to be self-sufficient. See Nassar, 156 N.H. at 775.

As the appealing party, the husband has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's orders, the husband's challenges to them, the

relevant law, and the record submitted on appeal, we conclude that the husband has not demonstrated reversible error.  See id.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**